## EPHRAIM DRURY *et ux. versus* The Inhabitants of WORCESTER.

After a highway has been regularly laid out by the county commissioners, and a time fixed for the town to complete it, and it is subsequently open to the use of the public, the traveller has a right to presume that it has in fact become a public highway, and the responsibility of the town for its safe condition thenceforth attaches.

A highway was laid out near the central part of a large town, by the county commissioners, and recorded, and the time for completing it as fixed by the commissioners and by the town's agreement with contractors for making it, had elapsed, and the contractors insisted that it was completed and that the selectmen ought to accept it and open it for public use, which they refused to do, and the contractors then opened it themselves and it remained open and was used by the public for six days, when an injury to a traveller was caused by a defect in it. *Held*, that the town had constructive notice of the way's being actually opened for public use, and was responsible for the injury sustained.

The contractors were held not to be agents of the town for opening the road for public use.

ACTION on the case, to recover double damages for an injury alleged to have been sustained by Mrs. Drury, by reason of a defect in a highway in the town of Worcester.

The plaintiffs proved that Mrs. Drury, in company with another woman, was travelling in the afternoon of the 11th of August, 1834, in a wagon drawn by a gentle horse, and as they were passing along upon an embankment, which constituted a part as well of the alleged highway as of the dam of Stephen

Salisbury's factory pond, the horse took fright and ran backwards down the embankment, and thereby occasioned the injury complained of. There was not at this time, and never had been, any railing on the embankment ; which at this place was about fourteen feet high. The accident happened not far from the thickly settled part of the town.

The plaintiffs proved by the records of the county commis sioners, that the road in question was laid out by the commissioners, and that the defendants were required to make the road, according to specific directions, on or before the 1st of October, 1833. The time was afterwards extended to the 1st of June, 1834.

They further proved, that for several days previous to the accident, viz. from the 5th of August, 1834, the road was in fact open ; that there was nothing at either end of it tending to obstruct the passage of travellers on to it, or to indicate that it was not finished and ready for public use ; that it was in fact much used by the public as an open road ; that among others, several of the inhabitants of the town of Worcester were, during that time, seen passing along upon the road with their teams, &c. in the ordinary course of business.

The defendants contended, that the road had never been accepted, adopted or opened by the town ; that instead of having opened the road, they had explicitly refused to open it ; and that the want of a suitable railing on the embankment, was the reason why they had so refused ; and that they were therefore not liable for the injury to Mrs. Drury.

To sustain this defence, it was proved by them, (the plaintiffs objecting to the introduction of evidence for the purpose of affording such proof,) that on December 30, 1833, the selectmen of the town, in behalf of the town, entered into a written contract with two sufficient and responsible individuals, to make the road according to the specific directions of the county commissioners, on or before June 1, 1834 ; that it was provided by the contract, that the contractors should cause the road " to be firmly and substantially railed, where railing is necessary for the safety and convenience of the traveller " ; that the contractors failed to complete the road by the 1st of June, and that they continued to work upon it in pursuance of

Drury
*v.*
Worcester.

their contract until about the 5th of August; on the afternoon of which day, at their request, the selectmen went on to view and examine the road and determine whether they would accept of it and pay for it; that, finding that there was no railing on this embankment, they informed the contractors that they would not accept the road, because of that defect, and at the same time directed the contractors to keep up the obstructions at the ends of the road to prevent people from passing thereon. On the same day, after the selectmen had gone away from the road, one of the contractors removed all obstructions from both ends of the road, and no obstructions were again put up until after the 11th of August, when the accident happened; but this removal of the obstructions, and the fact that none existed from the 5th to the 11th of August, were without the consent or knowledge of the selectmen.

For the purpose of saving all questions of law, the Court directed the jury to inquire only of the matter of damages and to return their verdict therefor; which was done.

If the defendants ought not to have been permitted to offer the proofs submitted by them, or if the facts proved did not constitute a valid defence, judgment was to be entered for the plaintiffs on the verdict.

But if it was competent for the defendants to offer evidence of the facts above stated and they constituted a good defence, the verdict was to be set aside; and if the Court should be further of opinion, that upon the facts proved by the parties a sufficient defence was established, the plaintiffs were to become nonsuit.

The case was argued in writing.

*Washburn*, for the plaintiffs, insisted that this road was a highway. He contended, 1. That when a highway has been laid out, accepted and recorded, and a reasonable time has elapsed in which it is to be made, it becomes a highway, so far as to render the town liable in regard to it. Ancient Chart. 269, 612; *St.* 1786, *c.* 67, § 4; *St.* 1825, *c* 171. — 2. That the time fixed by the commissioners within which to construct the road, is the reasonable time. *St.* 1827, *c.* 77; *St.* 1786, *c.* 81, § 7; *Commonwealth* v. *Boston*, 16 Pick. 446, 447; *Briggs* v. *Murdock*, 13 Pick. 320. — 3. That

after such reasonable time a town is liable, in a civil action, for any defect or want of repair in the highway, unless the defect is of such a nature as to render it obviously imprudent for a traveller to use the highway as such. *Thompson v. Bridgewater*, 7 Pick. 188.

The objections to the plaintiffs' recovery are, 1. That the road was not accepted by the selectmen ; and 2. That it was opened without notice to the selectmen and against their con sent. These objections cannot avail, because, 1. It is not within the power of a town to accept or reject a highway laid out by the county commissioners. The town are mere agents to make the road, and if they decline doing it, the commissioners cause it to be done. When the road is completed in either way, so as to be apparently safe, it is a highway to all intents. *Howard v. North Bridgewater*, 16 Pick. 190. — 2. It became the duty of the town to complete the road by the 1st of June, and they cannot take advantage of their own wrong. *Musson v. Fales*, 16 Mass. R. 335. — 3. The selectmen, as such, had no more right to refuse to accept the road, so as thereby to affect the question of highway or not, than any other citizens of the town.

Notice to inhabitants that the road was open to public use and was defective in respect to the railing, was notice to the town. *Reed v. Northfield*, 13 Pick. 94 ; *Lobdell v. New Bedford*, 1 Mass. R. 153.

The road was actually opened by the contractors, and they were the agents of the town. If they neglected to complete their contract or opened the road wrongfully, the town have a remedy against them. *Currier v. Lowell*, 16 Pick. 174.

The case of *Bliss v. Deerfield*, 13 Pick. 102, seems to be decisive of the one now before the Court.

*Merrick*, for the defendants. There is no express provision in any statute, determining when a road shall be considered finished and opened for use ; it must therefore depend on a reasonable construction of the statutes on the subject.

1. The liability cannot attach on the mere adjudication that a way is of public convenience and necessity, and the consequent location of the way.

2. Nor does it attach necessarily, on the expiration of the

time within which the commissioners require the road to be completed : 1. Because it would be unreasonable to expose a town to heavy penalties, if it has in good faith endeavoured to complete the road and has been unable to do so.   2. Because by a reasonable construction of the statutes, the penalty of double damages is not given until the road is opened by the town, the law providing remedies to compel the opening of the road, by authorizing the commissioners to finish it in case of the failure of the town, (*St.* 1827, *c.* 77, § 7,) and by sub-jecting the town to indictment.   *Commonwealth* v. *Boston,* 16 Pick. 442. — 3. Because it is a reasonable construction of the statutes, that a town, acting *bonâ fide,* both with intent to finish the road as soon as may be, and to make it safe for the public, shall have the right to determine when it shall be opened for public use.

The liability then must attach, either 1. Upon the opening of the way to public use by the town ; or 2. Upon its being opened for such use by the county commissioners, when they construct the road in pursuance of the provisions of *St.* 1827, *c.* 77, § 7.   *Bliss* v. *Deerfield,* 13 Pick. 102.   As matter of fact, the defendants contend that they had not opened the road.   This question ought to be submitted to the jury, unless the Court shall determine that the report shows a valid defence.   The town has acted in good faith, 1. In attempting to have the road finished, and 2. In preventing its being opened for use.   This was done by the selectmen, and it is objected that they had no authority so to act in the premises ; but all that was done, was done by them, and if they did not repre-sent the town, the town has done nothing, and then this action is an attempt to subject the town to a penalty on account of the unauthorized acts of individuals.   The contractors were in no sense the agents of the town to open the road for use ; they were agents merely to construct it.   The actual use of the road under the circumstances, affords no presumption which is not fully rebutted, that the way was opened by the town.

SHAW C. J. delivered the opinion of the Court.   The statutes providing for the opening of new public highways, and town ways, have not designated what acceptance of the way, when laid out and made, either by the county commis-

s oners, the town officers or otherwise, or what other act, shall constitute the opening of a highway to public use, so as to subject the town to an indictment for not keeping it in repair, and to a civil action for damages, to any one who shall sustain loss by the want of necessary repair. It therefore remains a question for judicial construction. It seems very clear, that the mere adjudication of the commissioners, duly recorded, cannot of itself constitute a highway for use. Nor after a certain amount of labor is done upon it, by cutting trees, blasting rocks, and preparing it to become a travelled road, can it be so considered.

Drury
*v.*
Worcester

It seems equally clear, that after a highway has been regularly laid out, by competent authority, a time fixed for the town to complete it, and it is subsequently actually opened to the use of the public, those who have the right to use it, may presume that what was to be done by way of acceptance, has been done, and that it has become in fact a public highway, and the responsibility of the town thenceforth attaches. Were it otherwise, a town by refusing in form to accept a highway and to declare it finished and opened for public use, might for a long time, if not forever, avoid the responsibility, which the law means to cast upon towns, contrary to the plain intent of the statute. And should a town protest against the opening of a highway for use, if they take no measures to give effect to such protest, by keeping it closed, or by keeping up such bars and visible signs, as clearly to indicate to travellers, that it is not an open and public highway, they cannot justly avoid the responsibility, which attaches to them. It follows as a neces sary consequence, that whenever by positive act or tacit permission, they suffer a highway to be opened to public use, and to be actually used by the public, the town becomes responsible for its safe condition. These principles we think result from a full view of the statutes on the subject, and they are recognised in the case cited. *Bliss* v. *Deerfield*, 13 Pick. 102.

Taking these principles to be settled, we think the question in the present case is, whether at the time the accident occurred, the way in question had been so opened for public use, either by the act or constructive permission of the town, as to

render them liable. This, in strictness, is a question for a jury, being a mixed question of law and fact. But as the question has been referred to the Court, upon the facts reported and not controverted, and as the cause has remained long undecided, the Court have thought it proper to pronounce an opinion upon the case as it stands. Considering it as a question of fact, the Court are of opinion that the evidence was properly admitted.

The question then resolves itself into this, whether the lapse of time from the 5th of August, when the obstructions were actually removed, and the road opened to the public, to the 11th of the same month, when the accident occurred, was sufficient under the other circumstances proved, to operate as constructive notice to the town, that the road was so actually opened and used ; and the Court are of opinion that it was. Upon one question raised in the argument, the Court are of opinion, that the contractors to make the road, were not the agents of the town to open it for use, and that the town is not bound by their acts as such agents.

But upon the ground of constructive notice and acquiescence, we think the circumstances are strong. The highway had been laid out and recorded, in due form of law, more than one year previously. The time for completing it as fixed by the commissioners, and by the town's own contract, had elapsed more than two months. The contractors insisted that the work was complete, and that the selectmen ought then, on the 5th of August, to accept it and open it for use, which they refused. The contractors then opened it themselves, and removed all the barriers and obstructions, which had before indicated that it was unfinished, and they so remained six days. It is shown to have been very near the central part of Worcester. The misunderstanding, or difference of opinion, between the selectmen and the contractors, ought to have put the former a little more upon their guard, and excited a little more vigilance on the subject. But it was not the selectmen alone, but the surveyors of highways, and town officers, and citizens generally, who might have taken notice of the facts, which are to affect the corporation. Under these circumstances, the Court are of opinion, that the town had constructive

notice that the highway was actually opened to the public and used by them, and then it was their duty, if they did not mean to consider the town liable for the safe condition of the road, to replace such barriers, and adopt such other means of preventing the use of it by the public, as to indicate that it was not an open highway ; and not having done this, the town were responsible for the consequences.

*Judgment on the verdict for the plaintiffs.*